[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this dissolution action has moved to modify the judgment entered on November 9, 1984. By the terms of that judgment, the defendant was required to pay $125.00 unallocated alimony and child support, with the further requirement that the same amount was to continue to be paid as child support if the plaintiff remarried.
On October 25, 1985, the court granted a motion to modify, increasing the unallocated alimony and child support to $175.00. The three children for whose support the order was entered are now 12, 10, and 9 years old.
The plaintiff has become employed since the date of the modification, and her financial affidavit indicates that most of her income is spent for the benefit of the children.
Pursuant to P.A. 90-188, the court finds that the present order for child support substantially deviates from the child support guidelines established pursuant to P.A. 89-203. The record does not reveal that there was ever a judicial finding that application of the guidelines was inequitable or inappropriate, nor does the court find that either at the time of the dissolution or at the time of the most recent modification there was any division of real or personal property of a nature which would have made application of the guidelines inequitable or inappropriate. CT Page 3425
If he had claimed the appropriate number of exemptions, the defendant's net income from his present employment would be $408.00 per week, and the amount of support under the guidelines for the benefit of the three children would be $202.00. The parties initially chose to designate the support payment as unallocated child support and alimony, and the court adopted that characterization, while the plaintiff is now employed, her available net weekly income after allocation of her share of the cost of supporting the children is only $124.00, while the defendant's net weekly income after payment of child support is $206.00. Accordingly, it is appropriate to continue to characterize the support order as unallocated child support and alimony and to modify the present order to the applicable amount of family support pursuant to the guidelines, that is, $243.00. The evidence does not indicate any basis for a finding that application of the guidelines would be inequitable or inappropriate.
Because the defendant is under an obligation to pay an arrearage in the amount of $725.00 in support payments for a period when he was out of work, the judgment is hereby modified to provide that he shall pay $218.00 per week in unallocated support and alimony during the 29 weeks when he is also making payments on the arrearage. Thereafter, he shall pay $243.00 per week in unallocated child support and alimony. The foregoing modification is subject to a contingent wage execution.
BEVERLY J. HODGSON, Judge
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 3442